IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANNA D. GREEN, et al. *
*
v. * Civil Action No. WMN-14-3132
*
BALTIMORE CITY BOARD OF *
SCHOOL COMMISSIONERS *
*
*
* * * * * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Before the Court is an unexpected and unusual request by Plaintiffs Anna Green and Carolyn Richards to withdraw the Court's Memorandum Opinion and Order granting summary judgment in their favor. ECF No. 15. On March 10, 2015, Plaintiffs proactively disclosed to the Court that the parties had operated under the misapprehension that the Employee Retirement Income Security Act (ERISA) as amended by the Comprehensive Omnibus Budget Reconciliation Act of 1985 (COBRA) governed Defendant Baltimore City Board of School Commissioners' administration of its health insurance plan. For the reasons that follow, the Court will grant Plaintiffs' request, withdraw its Memorandum and Order dated January 22, 2015, and will direct parties to provide a suggested schedule for further proceedings to the Court within 30 days.

On January 22, 2015, this Court issued a Memorandum and Order granting summary judgment in favor of Plaintiffs and denying the motion to dismiss, or in the alternative, for summary judgment, filed by the Board. ECF Nos. 7 and 8. In granting summary judgment to Plaintiffs, the Court relied on the body of precedent interpreting ERISA and the COBRA amendments to ERISA to conclude that Defendant violated its COBRA obligations and its fiduciary duties under ERISA by failing to provide adequate notice of the change in their health care coverage when their hours were "taken down to zero." See ECF No. 7 at 10-11 ("The reduction of hours that occurred when they were suspended without pay was, therefore, a qualifying event. . . . [T]he Board did not meet its notification obligations under COBRA and the Court will grant summary judgment to Plaintiffs on Counts I and III.") and 17 ("[T]he Court finds that the Board breached its fiduciary responsibility to disclose how the System would handle continuing health insurance coverage after Plaintiffs were suspended without pay.").

In reaching its conclusion, the Court weighed the following arguments by Defendant: (1) that Plaintiffs were timely notified of COBRA rights after each affirmatively terminated their relationship with the Board, ECF No. 4-1 at 8-13; (2) that Plaintiffs failed to exhaust their administrative remedies with regards to their ERISA claim, id. at 13-14; (3) that Plaintiffs

sought damages to benefit themselves rather than the Plan as a whole, as required by ERISA, id. at 14-16; and (4) that Plaintiffs failed to assert a breach of duty under ERISA. Id. at 16. In turn, the Court considered the following arguments by the Plaintiffs in opposition: (1) that Defendant was required to notify Plaintiffs of their COBRA rights when they were placed on leave without pay, ECF No. 5-1 at 9-21; (2) that Defendant breached its fiduciary duty by failing to provide material information regarding their coverage, id. at 21-25; and (3) that exhaustion was not relevant in this case. Id. at 25-28.

Then, on March 10, 2015, as part of supplemental briefing for class action status and further relief, Plaintiffs submitted a letter bringing to the attention of the Court a provision of ERISA previously unaddressed by either party. Specifically, the letter explained that 29 U.S.C. § 1003(b)(1) establishes that ERISA does not apply to a "governmental plan." See Robinette v. Unsecker, 66 A.3d 1093, 1110 (Md. Ct. Spec. App. 2013) ("[G]overnment plans – without a shadow of a doubt – are not subject to ERISA."). A "governmental plan" includes "a plan established or maintained for its employees by . . . any State . . . agency or instrumentality . . . ." 29 U.S.C. § 1002(32). Defendant is such an agency or instrumentality. See Lee-Thomas v. Prince George's Cnty. Pub. Sch., 666 F.3d 244, 248 n. 5 (4th Cir. 2012) ("Maryland Law treats [boards of education] as

instrumentalities of the State.”). As a result, ERISA and the sections of COBRA relied on by both parties during briefing are inapplicable. Instead, the Public Health Service Act (PHSA), as amended by COBRA, guides the standards and regulations of Defendant’s plan administration. See 42 U.S.C. § 300bb-1 et seq.[1] Plaintiffs’ counsel requested that, in light of this discovery, the Court suspend briefing on their Motion for Class Action or Further Relief, withdraw its January 22 Memorandum and Order, and provide a schedule that allows for a “period of discovery on jurisdictional facts and class certification,” amendment of the Complaint, and a new round of motions on the merits, class certification, and remedies. ECF No. 15 at 2.

Defendant has filed an Opposition, ECF No. 16, to Plaintiffs’ Motion to Certify Class and for Further Relief, ECF No. 11, and now states that “[i]t is well established that school board and/or school district plans are ‘governmental plans’ that are exempt from ERISA requirements pursuant to 29 U.S.C. § 1003(b)(1).” ECF No. 16-1 at 9. Apparently the law is not so well established that the Office of Legal Counsel for Baltimore City Public Schools is generally aware of this exemption as a matter of course. In its Motion to Dismiss, or

[1] In 1985, COBRA amended both ERISA and the PHSA. Therefore, while one could say colloquially that Defendant had obligations under COBRA, these obligations derive from different sections of the Act.

in the Alternative, for Summary Judgment, Defendant includes in its "Statement of Undisputed Facts" that "Defendant Board employs more than 20 employees and is subject to Consolidated Omnibus Reconciliation Act of 1985 amendment to the Employee Retirement Income Security Act of 1974." ECF No. 4-1 at 4. In 23 pages of briefing, Defendant was silent as to any governmental plans exception, relied on ERISA and the COBRA amendments to ERISA and pertinent case law, and in its final conclusion, even argued that "[t]he Board has fully complied with the requirements if [sic] ERISA and the COBRA notification statutes." ECF No. 6 at 2. It is clear from Defendant's submissions to the Court that, at the time of the original cross-motions, the Board was operating under the same assumption as Plaintiffs that it was governed by ERISA.

Even now, the Board has not demonstrated that it can clearly identify the law to which it is subject although it is now "well established" that it is exempt from ERISA. Defendant's Opposition argues that the Court need not vacate its prior decision because "for purposes of addressing the remaining issues at hand" ERISA's governmental exception has "no impact on whether or not the purported COBRA class should be certified, or whether or not civil penalties should be imposed." ECF No. 16-1 at 10. Yet, the governmental exception does implicate the availability of civil penalties and Defendant's Opposition as to

that issue continues under the assumption that the Board is governed by ERISA. Plaintiffs' Motion for Further Relief – filed before the governmental exception disclosure - requested that the Court impose civil penalties on Defendant pursuant to 29 U.S.C. § 1132(c)(1). ECF No. 11-2 at 15-19. Section 1132, however, is part of ERISA, a statute that Defendant and Plaintiffs acknowledge does not govern the Board. Rather than recognizing that it cannot be subject to § 1132 penalties, however, the Board in its Opposition argues on the merits that "while imposing such penalties is within this court's discretion, there is no legal support for imposing the maximum penalty based upon the facts presented in this case, as there is no evidence of prejudice, bad faith, failure to respond to requests for information, or any of the factors that are considered before imposing a civil penalty pursuant to 29 U.S.C. § 1132(c)(1)." ECF No. 16-1 at 2-3. Defendant also argues that the imposition of civil penalties is time-barred, citing to ERISA case law. Id. at 14-16. These arguments demonstrate that there is continuing confusion on the part of Defendant as to what law governs the Board's conduct.[2]

[2] Defendant also argues on the merits that Plaintiffs failed to meet the five factor test for an attorney's fees award under 29 U.S.C. § 1132(g) rather than highlighting that this provision also falls under ERISA. See ECF No. 16-1 at 18.

And while the Court anticipates that its analysis of what constitutes a "qualifying event" under the PHSA will be consistent with its previous opinion, See Thomas v. Town of Hammonton, 351 F.3d 108, 115 (3d Cir. 2003) ("The COBRA provisions in the PHSA and ERISA represent parallel statutory schemes."), the relief available under the PHSA is significantly different from that available under ERISA such that, combined with Defendant's continued reliance on ERISA, new briefing is warranted. To clarify the grounds upon which parties should make their arguments and because the Court's ruling on Counts II and IV of Plaintiffs' complaint is no longer accurate, the Court will vacate its January 22, 2015, Memorandum and Order and direct the parties to submit a modified schedule for further discovery, briefing, and proceedings.

Accordingly, it is this 17th day of March, 2015, Ordered that:

(1) The Court's Memorandum and Order dated January 22, 2015, ECF Nos. 7 and 8, is hereby VACATED;

(2) Briefing on Plaintiff's Motion to Certify Class and for Further Relief, ECF No. 11, is SUSPENDED;

(3) Within 30 days of this Order, Parties shall submit to the Court a modified Scheduling Order detailing deadlines for limited jurisdictional discovery,

amended pleadings, dispositive motions, and other deadlines as needed; and

(4) The Clerk of Court shall transmit a copy of this Memorandum and Order to all counsel of record.

/s/
William M. Nickerson
Senior United States District Judge