IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
ANNA D. GREEN, et al.         *
                              *
v.                            *     Civil Action No. WMN-14-3132
                              *
BALTIMORE CITY BOARD OF       *
SCHOOL COMMISSIONERS          *
                              *
                              *
  *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

## MEMORANDUM AND ORDER

Before the Court are a motion to engage in limited class discovery, ECF No. 18, and a Motion to Amend/Correct Complaint, ECF No. 22, filed by Plaintiffs Anna D. Green and Carolyn Richards.  Defendant Baltimore City Board of School Commissioners (the Board) objects to both motions, which are now ripe.  Upon a review of the papers, facts, and applicable law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motions shall be GRANTED.

Plaintiffs seek to amend their complaint to reflect the following changes: (1) to substitute the Public Health Services Act, 42 U.S.C. § 300bb-1 et seq. (PHSA) rather than the Employee Retirement Income Security Act of 1974 as the foundation for their claims and (2) to include a class action claim against the Board (Count III).  In connection with the newly added class action claim, Plaintiffs also seek a limited class discovery period of 45 days, after which they may seek class certification.  The Board consents to the first purpose of submitting an Amended

Complaint, but objects to the inclusion of a class-action claim and further objects to any discovery related to it.

Once a responsive pleading has been filed, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave."  The Court, though, is instructed to "freely give leave when justice so requires."  Id.  Whether to grant a motion for leave to amend is within the Court's discretion.  Foman v. Davis, 371 U.S. 178, 182 (1962).  "[L]eave should be denied only when amending the pleading would prejudice the opposing party, reward bad faith on the part of the moving party, or would amount to futility."  MTB Serv. v. Tuckman-Barbee Const. Co., Civ. No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013).

In its Opposition to the Motion to Amend, the Board argues against allowing Plaintiffs to add a class action claim on the grounds of undue delay and impermissibility.  First, they urge the Court to adopt the reasoning in Mogel v. UNUM Life Ins. Co. of Am., 677 F. Supp. 2d 362 (D. Mass. 2009), and deny the leave to amend because such amendment would "postpone a resolution of the case" and there is an absence of "changed circumstances" to justify amendment.  See ECF No. 26 ¶ 5.  Mogel does not provide appropriate guidance here.  By the time plaintiff moved the court to amend his complaint and re-seek class certification, a motion

2

to dismiss had been granted, an appeal taken and granted, and an initial motion to certify class denied.  And although plaintiff in that case filed a motion to amend the complaint, the "primary goal [of the plaintiff] is the second half of the motion's lengthy title: 'leave to file a renewed motion for class certification . . . ."  677 F. Supp. 2d at 365.  As such, the court analyzed plaintiff's motion as one to grant leave to file a successive class certification after the initial certification motion had been denied on the merits.  The court concluded that, in essence, the plaintiff was seeking modification of the Court's original denial of class certification. Id.

It is in this context that the Court concluded that, in the light of prior procedural history and the lack of changed circumstances,[1] it would be futile and a waste of judicial resources to allow an amended complaint that would require the court to consider plaintiff's request to have his class certification evaluated under Rule 23(b)(3) rather than Rule 23(b)(2) of the Federal Rules of Civil Procedure.  Here, the parties have just entered discovery, Plaintiffs have brought their class action complaint for the first time, but have not yet

---

[1] The Mogel Court looked to the Advisory Committee of the Federal Rules of Civil Procedure in concluding that "changed circumstances" was required in addition to Rule 15(a)(2) standards in order to grant leave to Plaintiff.  677 F. Supp. 2d at 365 ("The Advisory Committee has clarified, however, that [a] determination once made can be altered or amended . . . if, upon fuller development of the facts, the original determination appears unsound.").

sought to certify a class, and the Court has not considered the merits of any such class. There is no need for a change in circumstances in order to grant Plaintiffs' motion and allowing Plaintiffs to allege a class claim would not cause undue delay.

Next, the Board contends that

> "this Court permitted Plaintiffs to amend their Complaint to be properly filed pursuant to PHSA instead of ERISA, not for the purpose that they could amend their complaint to add a class action, which this Court had the authority and opportunity to do in its Memorandum and Order on March 17, 2015."

ECF No. 26 ¶ 6. A review of the Court's previous Memorandum and Order does not support such a conclusion. The Court's analysis addressed the merits of withdrawing its prior opinion in light of Plaintiffs' disclosure of that the PHSA, not ERISA, was the proper governing law of this action. The Memorandum and Order was silent as to the then-unripe issue of class certification, except to suspend the briefing in light of the need to withdraw the Memorandum and Order upon which the briefing was based. Further, the Court did not direct Plaintiffs in any manner regarding an amended complaint, except to order them to work with the Board in creating a modified Scheduling Order that included a deadline for amended pleadings. The Court's Memorandum and Order from March 17, 2015, does not act as an outright bar to any element of Plaintiffs' proposed Amended Complaint.

Finally, the Board incorporates into its Opposition the same grounds for opposing limited class action discovery. ECF No. 26

4

¶ 7.  In its opposition to the Motion for Limited Discovery, the Board "contests any scheduling order that supports Plaintiffs' proposed class action as this Court has not certified any class and Plaintiffs have not met the requirements of Fed. R. Civ. P. 23 for a class action to be certified."  ECF No. 23 at 1.  When applied to whether to allow the Amended Complaint, the argument that a class action claim cannot be allowed absent a certification reverses procedure, as the Court cannot certify a class in the absence of a complaint asserting a class action.  See Fed. R. Civ. P. 23(c)(1) ("At an early practicable time after a person sues . . . as a class representative, the court must determine by order whether to certify the action as a class action.")(emphasis added).

To the extent that the Board's statement that "Plaintiffs have not met the requirements of Fed. R. Civ. P. 23 for a class action to be certified" constitutes an argument that amendment would be futile, Plaintiffs have adequately plead a class that could survive a Motion to Dismiss.  The Court refrains, at this time, to reach the merits of Plaintiffs' class claim in the absence of a fully briefed motion to certify a class.  See Presser v. Key Food Stores Co-Op., Inc., 218 F.R.D. 53, 57 (E.D.N.Y. 2003) (finding that the Court may "limit its inquiry" into class action requirements and allow the amended complaint when defendant's arguments are more appropriately addressed at

the class certification stage).  To determine ultimately whether the class claim may be certified and carried forward in this litigation, Plaintiffs have requested limited class discovery into individuals who may have been affected by Board policy in violation of the PHSA.  It is within the Court's discretion to allow discovery and set the extent of such discovery.  Artis v. Deere & Co., 276 F.R.D. 348, 351 (N.D. Cal. 2011).

This action, although subject to a detour, is still in early stages of litigation.  Plaintiffs are seeking for the first time to bring a class action claim and the Court has yet to reach the merits of certification.  Defendant has failed to demonstrate that allowing Plaintiffs to file an Amended Complaint would result in undue prejudice, constitute a reward of bad faith, or that such amendment would be futile.  As such, the Court will grant Plaintiffs' Motion to Amend, set a forty-five day period in which the parties may conduct limited class discovery, and a deadline for filing any class certification motion of twenty days following the close of the class discovery period.[2]

Accordingly, it is this 17th day of June, 2015, Ordered that:

---

[2] As both parties agree to forego Rule 26(a)(1) disclosures in this case, the Court will not require the parties to make such disclosures.  See ECF No. 18 ("Plaintiffs suggest that the case should proceed without Rule 26(a)(1) disclosures.") and ECF No. 25 ("BCBSC would oppose such an order requiring Rule 26(a)(1) disclosures in this case.").

(1) Plaintiffs' Motion for Limited Class Discovery, ECF No. 18, is GRANTED, in that

    i. Plaintiffs shall have 45 days from the date of this Order to conduct limited class discovery; and,

    ii. Plaintiffs shall have 20 days from the close of class discovery to file any motion for class certification;

(2) Plaintiff's Motion to Amend/Correct Complaint, ECF No. 21, is GRANTED, and the Amended Complaint is deemed filed as of the date of this Order;[3] and

(3) The Clerk of Court shall transmit a copy of this Memorandum and Order to all counsel of record.

                                       _____/s/_____
                                       William M. Nickerson
                                       Senior United States District Judge

---

[3] The Court notes that the Amended Complaint continues to inconsistently reference ERISA, but expects that all parties fully understand that Plaintiffs' claims are brought under the PHSA.